56 F.3d 78
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Herman B. SLATER, Defendant-Appellant.
 No. 94-3302.
 United States Court of Appeals, Tenth Circuit.
 May 25, 1995.
 
 1
 Before EBEL and BARRETT, Circuit Judges, and KANE,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 KANE, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Defendant Herman B. Slater, representing himself, appeals from the district court's denial of his motion to vacate, set aside, or correct sentence made pursuant to 28 U.S.C. Sec. 2255. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 6
 Defendant was convicted, along with co-defendant Harold Porter, of possessing with intent to distribute cocaine base and conspiracy to possess with intent to distribute cocaine base, in violation of federal law. His convictions were affirmed on appeal, United States v. Slater, 971 F.2d 626 (10th Cir. 1992), and he filed this Sec. 2255 motion. Defendant argues on appeal that his counsel was ineffective at trial and/or on direct appeal because counsel failed to challenge: (1) the voluntariness of defendant's confession based on physical coercion by police; (2) the classification of the recovered substance as cocaine base; and (3) the trial court's admission into evidence of a tape recording in support of the conspiracy charge, without first making a finding pursuant to Fed. R. Evid. 801(d)(2)(E) that independent evidence linked defendant to the alleged conspiracy.
 
 
 7
 In order to establish that counsel was ineffective, defendant must show that counsel's performance was deficient and that defendant was prejudiced by the deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). On a Sec. 2255 motion, we review de novo the district court's legal conclusions concerning the ineffectiveness of counsel. United States v. Cook, 49 F.3d 663, 665 (10th Cir. 1995).
 
 
 8
 The district court thoroughly reviewed each of defendant's arguments in light of the record and the applicable law. We have also carefully reviewed the arguments and the record. We affirm for substantially the same reasons as those set forth in the district court's memorandum and order entered August 8, 1994.
 
 
 9
 The request for appointment of counsel on appeal is denied. The motion to abate this appeal pending the outcome of defendant's civil rights suit under 42 U.S.C. Sec. 1983 is denied. The "Motion for Friends of the Court" is denied.
 
 
 10
 The judgment of the United States District Court for the District of Kansas is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470